**In re Youdoran (nmi) YOUNG, Debtor.**

**Bankruptcy No. 89–40502–W–13.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 10, 1989.

Michael P. Gaughan, Kansas City, Mo., for American Bank.

Larry G. Chipman, Independence, Mo., for debtors.

Rick Fink, Chapter 13 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor filed a Chapter 13 petition and in his plan proposed to pay Altonized Federal Credit Union the sum of $1,363.73 or 100% of the claim on an unsecured consumer debt. Said obligation was cosigned by his former spouse (Jennifer Young) and he was directed to pay same in a Separation and Property Settlement Agreement approved by the state court on or about February 3, 1989. Debtor also had a consumer debt to American Bank which although partially secured, is also partially unsecured. It too was cosigned by debtor's former spouse (Jennifer Young). Debtor's plan proposes to pay 10% of American Bank's unsecured debt. The aforesaid Separation and Property Settlement Agreement of February 3, 1989, directed that debtor pay that obligation also. American Bank objected to confirmation based on 11 U.S.C. Section 1322(a)(3) and 11 U.S.C. Section 1322(b)(1) claiming discrimination in classification and treatment. Needless to say American does not object to Altonized being paid 100% as long as it also gets 100%.

The parties have submitted the issues on a Stipulation of Facts and their respective briefs, requesting the Court to rule only the basic issue of whether debtor may either classify or treat two such similar claims in such disparate fashion, and still obtain the brass ring of confirmation. The Court's research did not turn up any cases ruling identical facts. The cases cited by the Bank, although accurately quoted, all are distinguishable on their facts. It seems to the Court then, that a step by step reasoning process must be employed.

11 U.S.C. Section 1325(a)(3) provides that the court shall confirm a plan if the plan has been proposed in good faith and not by any means forbidden by law. Presumably then the court shall not confirm a plan that is not so proposed or embodies forbidden

means. 11 U.S.C. Section 1322(a)(3) *requires* that if the plan classifies claims, it must provide the same treatment for each claim within a particular class. 11 U.S.C. Section 1322(b)(1) *allows* a plan to designate a class or classes of unsecured claims but makes such designation subject to the provisions of 11 U.S.C. Section 1322(a) and (c) and negates unfair discrimination against any designated class, except that

"such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims".

Debtor, although perhaps not clearly articulating it in his brief, requests a literal interpretation of such provision. In other words, debtor contends that any cosigned, unsecured, consumer debt may be pulled out of the body of his obligations and treated in any fashion he chooses without violating the pertinent provisions of Section 1325 and Section 1322. This Court does not read the provision so broadly. Other courts agree. For example, in *In re Dondero*, 58 B.R. 847 (Bkrtcy.D.Ore.1986) the Bankruptcy Court held that while debtor could separately classify and differently treat a cosigned, unsecured, consumer debt, the debtor must pay it at no less rate than debtor's other unsecured consumer claims. To similar effect, see also *In re Diaz*, 97 B.R. 903 (Bkrtcy.S.D.Ohio 1989). Finally, Bankruptcy Judge Eugene R. Weidoff, provides a thoughtful and insightful discussion of the purposes of the anti-discrimination sections of Chapter 13 and the factors to be considered in his opinion in *In re Lawson, II*, 93 B.R. 979 (Bkrtcy.N.D.Ill. 1988).

These and a number of other cases lead the Court to conclude that while the amendments to Chapter 13 allow certain latitude in discriminating between some claims that latitude is circumscribed still by the measurements of equity and fairness. Neither allow totally different treatment of *identical* claims. One unsecured, cosigned, consumer claim must be treated comparably to another unsecured, cosigned, consumer claim. To rule otherwise is to undermine the entire structure and concept of equal treatment. A debtor has never been allowed, in bankruptcy, to pick and choose between his creditors—the statute instead outlines any priority to be afforded his creditors. The distinction or difference perceived by the debtor between the two claims involved here is outside the latitude which the Court should allow.

Confirmation of debtor's plan as proposed is DENIED. Debtor shall have fifteen (15) days to amend his plan should he so choose.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.